UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CARLTON CABEY,

      Plaintiff,

    -v-

ATRIA SENIOR LIVING,

      Defendant.
--------------------------------------------------------x
MATSUMOTO, United States District Judge.

**MEMORANDUM AND ORDER**
13 CV 3612 (KAM)

  On June 21, 2013, *pro se* plaintiff Carlton Cabey filed a complaint

alleging violations under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

§ 2000e *et seq*.; and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

For the reasons stated below, the court orders plaintiff to file an amended complaint within thirty

(30) days of the date of this order and further orders that, if plaintiff fails to file an amended

complaint within 30 days, this action shall be dismissed for failure to state a claim upon which

relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court also orders plaintiff to

file an amended and completed *in forma pauperis* (IFP) application or pay the $400.00 filing fee

within 30 days.

**Discussion**

<u>IFP Status</u>

  The purpose of the statute permitting litigants to proceed IFP is to insure that indigent

persons have equal access to the judicial system. <u>Gregory v. NYC Health & Hospitals Corp</u>., No.

07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); <u>Cuoco v. U.S. Bureau of</u>

Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004).  Under federal law, a court is authorized to dismiss a case brought by a plaintiff requesting to proceed IFP if the plaintiff's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). The "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" Hobbs v. County of Westchester, et al., No. 00 Civ. 8170, 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)); accord Matthews v. Gaither, 902 F.2d 877, 881 (11th Cir. 1990).  The district court has discretion to determine whether a plaintiff qualifies for IFP status. DiGianni v. Pearson Educ., No. 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F.Supp. 304, 308 (S.D.N.Y. 1996)).

The financial declaration form that plaintiff has submitted ("Decl.") does not establish that plaintiff is unable to pay the Court's filing fee to commence this action. Plaintiff stated that he receives $308.00 in unemployment benefits and affirmed that he has $1900.00 in a checking or savings account.  Decl. at ¶¶ 2,  4.   But plaintiff has failed to answer the other questions on the declaration. The Court is therefore unable to determine if plaintiff has sufficient resources to pay the filing fee. Accordingly, plaintiff is granted 30 days to submit an amended and complete IFP application.  Otherwise, plaintiff must pay the $400.00 filing fee within 30 days  in order to proceed with this action.

Plaintiff's Allegations

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."  42 U.S.C. § 2000e-2(a)(1). To establish a prima

facie case of discrimination, a plaintiff must show that: (1) he is a member of a protected class, (2) he was qualified for the position she held, and (3) suffered an adverse employment action under circumstances giving rise to an inference of discrimination. Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010); Joseph v. North Shore University Hosp., No. 08 CV 3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). In order to establish a prima facie case of discrimination under the ADA, the plaintiff must establish that: (1) the defendant is subject to the ADA; (2) he suffers from a qualifying disability; (3) he was otherwise qualified to perform the essential functions of his position with or without a reasonable accommodation; and (4) the defendant terminated plaintiff's employment under circumstances giving rise to a reasonable inference of discrimination because of his disability. See Shannon v. N.Y. City Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003); Debell v. Maimonides Medical Center, No. 09 CV 3491, 2011 WL 4710818, at *4 (E.D.N.Y. Sept. 30, 2011).

Plaintiff initiated this action pursuant to Title VII and the ADA by filling out a complaint form for employment discrimination cases provided by the Court. One prompt on this form provided certain examples of discriminatory conduct and instructed plaintiff to select any acts of discriminatory conduct that applied to his case. Compl. ¶ 4. Plaintiff selected "Termination of Employment," "Failure to accommodate my disability," "Retaliation," and "Other acts," in response to the prompt, and plaintiff wrote "Didn't Get my Bonus" in a space provided to

specify the "Other acts" of discriminatory conduct.  Id.  Plaintiff further described various disagreements with coworkers in additional pages appended to the form, none of which concerned any disability, and claimed he suffered so much stress as a result of these disagreements that he "got 2 hernias."  Id. at pp. 5-7.

Even under the most liberal construction of plaintiff's allegations, he has failed to connect any adverse employment action to a protected status under Title VII or the ADA. See Ruston v. Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-21 (2d Cir. 2010) (although Twombly and Iqbal did not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

## Conclusion

Therefore, plaintiff's complaint shall be dismissed for failure to state a claim upon which relief may be granted unless plaintiff files an amended complaint within 30 days from the date of this order.  In the amended complaint, plaintiff must allege facts giving rise to an inference that he experienced an adverse employment action based on factors prohibited by Title VII or the ADA.

No summons shall issue at this time and all further proceedings shall be stayed until plaintiff has complied with this Memorandum and Order. If plaintiff fails to file an amended complaint within 30 days, the instant action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is also ordered to file an amended IFP application or pay the $400.00 filing fee within 30 days or the Court shall dismiss the action without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). The clerk of court is respectfully requested to mail a copy of this Memorandum and Order to plaintiff and to note service on the docket.

SO ORDERED.

_____
/s/
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
February 26, 2014