UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CARLTON CABEY,                                        **ORDER**
                                                      13 CV 3612 (KAM)
              Plaintiff,

       -v-

ATRIA SENIOR LIVING,

              Defendant.
----------------------------------------------------------x
MATSUMOTO, United States District Judge.

   On June 21, 2013, *pro se* plaintiff, Carlton Cabey, filed the instant complaint alleging violations under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). By order dated February 26, 2014, plaintiff was granted thirty (30) days to file an amended complaint and to file an amended and completed *in forma pauperis* (IFP) application, or pay the $400.00 filing fee. Plaintiff was advised that if he failed to submit an amended complaint and completed IFP application, or pay the filing fee, the Court would dismiss the action. On March 24, 2014, plaintiff submitted a completed IFP application. Accordingly, plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted.

   Plaintiff has failed to file an amended complaint as directed by the Court. However, in support of his application to proceed *in forma pauperis*, plaintiff annexes two handwritten pages in which he states that he underwent two surgeries and returned to work before he was properly healed. See Letter in Support of Motion to Proceed IFP [ECF No. 7]. Although this two page statement may be in response to Question 9 of plaintiff's application for *in forma pauperis* status, the Court, in deference to plaintiff's *pro se* status, will liberally construe this statement in

plaintiff's favor as brought in support of his ADA claim, and grant him a final opportunity to submit an amended complaint by July 9, 2014. If plaintiff fails to file the amended complaint by July 9, 2014, the instant action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is informed that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, it is important that plaintiff includes in the amended complaint all the necessary information that was contained in the original complaint and that supports his claims. Plaintiff's amended complaint must be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this Order.

Plaintiff should refer to the Court's memorandum and order dated February 26, 2014, familiarity with which is presumed, which explains how plaintiff may establish a prima facie case of discrimination under Title VII and the ADA. In addition, plaintiff is informed that he must allege specific facts giving rise to an inference that he experienced an adverse employment action based on factors prohibited by Title VII or the ADA.

**Conclusion**

All further proceedings shall be stayed until July 9, 2014 for plaintiff to comply with this Order. If plaintiff fails to file an amended complaint, a judgment dismissing the complaint shall be entered. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The clerk of court is respectfully requested to mail a copy of this Order to plaintiff and to note service on the docket.

SO ORDERED.

/s/
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
June 2, 2014